UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

**FILED**

MAY 0 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DAVID L. WASHINGTON, #183·212,

1901 E St, SE    01982-000
PETITIONER
Washington, DC 20003

VS.

JOHN CAULFIELD
WARDEN
CENTRAL TREATMENT FACILITY
1901 E. ST. S.E.
WASH. D.C. 20003

DEFENDANT

EDWARD F. REILLY
COMMISSIONER
U.S. PAROLE COMM.
5550 FRIENDSHIP BLVD.
CHEVY CHASE, MD. 20815

DEFENDANT

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case: 1:07-cv-00790
Assigned To : Lamberth, Royce C.
Assign. Date : 05/01/2007
Description: HABEAS CORPUS

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

OF PETITION FOR ISSUANCE OF WRIT OF HABEAS CORPUS

1). This matter has its genesis in two conflicting applications , the first enacted under 28

U.S.C. subsection 994 (a)(3) by the United State Sentencing Commission which provided

the guidelines and policies applicable to the revocation of probation and supervise re-

lease pursuant to chapter 7 of the United States Sentencing Guideline manual. The second

**RECEIVED** by the U.S. Parole Commission pursuant to D.C. Code 24-133(c)(2).

APR 0 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3

2

the language of the statute is very clear and unambiguous. Emphasis Added.

> The U.S. Parole Commission shall have and exercise the same
> Authority as is vested in the U.S. District Court's by para-
> graphs (d) through (i); except that: (a) The procedures
> followed by the U.S. Parole Commission in exercising such
> authority shall be those set forth in chapter 311 repealed of title
> 18 U.S.C. and (b) An extention of a term of supervise release
> under subsection (e)(2) of subsection 3583 may only be orderd
> by the Superior Ct. upon motion by the commission.

2). The Supreme Ct. upheld the Federal Sentencing guidelines even though they were

written by a commission acting within the judicial Branch instead of by Congress, in

large part because, the judiciary had always bore some responsibility in sentencing.

Mistreeta v. U.S., 488 U.S. 361 (1989). However, in doing so, observed that, " had con-

gress decided to confer responsibility for promulgating sentencing guidelines on the ex-

ecutive branch, we might face the constitutional question of whether Congress unconsti-

tutionally had united the power to prosecute and the power to sentence within one branch

of the government. " Id at 391, n.17.

3). The U.S. App. Court in Thaddeus A. Fletcher v. Edward F. Reilly Jr., 369 U.S.

App. D.C., 433 F. 3d 867, 2006 U.S. App. Lexis 269, determne that there was merit to

petitioner's Ex Post Facto claim regarding the U.S. Parole Commission's reparole guide-

line application departure from the D.C. Parole Board's guideline and procedures for re-

vocation of parole which was in effect at the time of petitioner's hearing before the

D.C. Parole Board prior to the transfer of responsibility to the U.S. Parole Comm and

Abolishment of the D.C. Parole Board pursuant to the National Capitol Revitalization

Act. Of 1997 as of August 5, 1998.

3

4). One of the most important restrictions imposed in the Articles of the U.S. Constitution is the "Separation of Powers" doctrine language that specify that no branch if the gov't individually or collectively may encroach upon the powers of the other branch.

5). The United States Parole Commission application of its parole/reparole guidelines for its parole violator's which it employs for purposes of revocation of supervise release, imposes greater punishment than the laws, policies, and regulations that are currently in effect in the federal courts which govern how the sentencing judges determine the applicable punitive range for a violation of supervise release pursuant to Title 18 U.S.C. 3583, (e) through (i). The United States Parole Commission parole revocation guidelines which it applies to supervise release offenders for revocation of supervise release is facially unconstitutional and violative of the Ex Post Facto clause of the U.S. Constitution and the Separation of Powers doctrine in violation of the due process fundamental fairness.

6). Inasmuch as, administrative regulations that are promulgated pursuant to statutory authority have the effect of statute, Dankman v. D.C., 443 A.2d 507-13 D.C. (1981). there can be no dought that a new regulation which enhances punishment beyond what is currently authorized in the federal courts fall within the parameters of Ex Post Facto violations and is therefore, facially unconstitutional.

7). The United States Parole Commission interpretation and enforcement of both administrative regulations and statutory authority of parole revocation practice for supervise release violators is unconstitutional and violative of the Due Process clause as a matter of law..

4

8). The specific prohibition of Ex Post Facto laws is only one aspect of the broader constitutional protection against arbitrary change in the law. The constitution inherently places severe limits on the judiciary and legislative branches ability to use its law making power to modify bargains it has previously made with its citizens while constitutional provisions are primarily checks upon the legislature. This applies to judicial acts as well by virtue of the due process clause (14)th amendment, by its terms extends to states only; however, the (5)th amendment extends to the District of Columbia. See Boling v. Sharpe 349 U.S. 497, 120 S.Ct. 693, 98 L.Ed 2d 884.

9). The U.S. Parole Commission's parole revocation guidelines impact upon supervise release violators enhances the potential punishment by a significant margin and its application violates the constitutional prohibition against Ex Post Facto; insofar as, it rises to blatant deprivation of due process of law. This presents a greater risk that, the Parole Commission which has been vest with the authority to govern supervise release in the same manner that the federal courts govern revocation of supervise release, pursuant to D.C. 24-133 appears to be in violation of the articles of U.S. Constitution Separation of Powers doctrine and Ex Post Facto clause prohibition.

10). Under Garner v. Jones, 539 U.S. 244, 120 S. Ct. 1362, 146 L.Ed 2d 236 (2000), the critical question in Ex Post Facto challenges to retroactively applied parole and reparole regulations is whether as a practical matter, the retroactive application creates a significant risk of prolonging an inmate's incarceration. Emphasis Added.

5

> There are two ways in which significant risk can be established
> by a petitioner, (1) it can be established if there are facial
> distinctions between the former and new regulations/guide-
> lines employed by the United States Parole Commission in
> contrast to those employed by the U.S. District Courts re-
> garding revocation of supervise release. (2) Second when the
> rule does not by its own terms show a significant risk, the peti-
> tioner may also meet his burden by introducing evidence drawn
> from the rules practical  implementation by the agency charged
> with exercising discretion that, its retroactive erroneous applica-
> tion its parole revocation guidelines for supervise release violators
> will result in a longer period of incarceration than under the grade
> system used by the District Courts for revocation of supervise re-
> lease violators pursuant to the United States Sentencing Guidelines
> Manual Chapter 7B1.4 policy statement.

11). The controlling inquiry is one of  practical effect, a district court must assess the

magnitude of the risk in terms of the practical effect of the change in the regulation on the

length of a petitioner's incarceration.

12). A categorical distinction is foreclosed between a measure with the force of law and

guidelines from which a parole board may depart in its discretion. The labels "regulations

and guidelines are not determinative and the existence of discretion is not dispositive.

The controlling inquiry is how the District Court and the United States Parole

Commission exercise discretion in practice and whether differences between the exer-

cise of discretion in two systems actually create a significant risk of prolong incarcer-

ation. Garner, 529 at 251.

13). The United States Sentencing guideline manual chapter 7B1.1 establishes (3) grades

probation and supervise release violations accordingly: See Revocation Table Chapter

7B1.4 U.S.S.G. Manual.

6

(1). Grade A violation-conduct constituting (a) federal, state, or local offense punishable by a term of imprisonment exceeding one year that is (i) a crime of violence, (ii) is a controlled substance offense or involves possession of a destructive device of a type described in 26 U.S.C. subsec. 58454(a); B any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years.
(2). Grade B Violation-conduct constituting any federal, state, or local offense punishable by a term of imprisonment exceeding (1) year..
(3). Grade C Violation-conduct constituting (a) federal, state, or local offense punishable by a term of imprisonment of one year or less or (b) a violation of any other condition of supervision.

14). Supervise release, a new form of post imprisonment supervision created by the sentencing Reform Act, accompanied implementation of the guidelines. A term of Supervise release may be imposed by the Court as a part of the sentence of impri- sonment at the time of initial sentencing, 18 U.S.C. 3583. Unlike parole, a term of supervise release doe not replace a portion of sentence of imprisonment but, rather is an order of supervision in addition to any term of imprisonment imposed by the court. Emphasis added.

With the exception of residency in, or participation in the Program of, a community corrections facility, which is Available only for a sentence of probation, the condition Of supervise release authorized by statute are the same as those for a sentence of probation. When the court finds that a defendant violated the conditions of supervise release, it may continue the defendant on supervise release with or without extending the term or modifying the conditions, or revoke supervise release and impose a term of imprisonment. The periods of imprisonment authorized by statute for a violation of the conditions of supervise release generally are more limited, however, than those available for a violation of the conditions of probation pursuant to 18 U.S.C. 3583 (e)(3).

7

## CONCLUSIONS

The United States Parole Commission retroactive application of its reparole guidelines

revocation of petitioner's supervise release on January 29, 2007, violates the Ex Post

Facto clause of the U.S. Constitution Article I, section (9), cl. (3), and the Separation of

Powers doctrine due process fundamental fairness and entitles petitioner to habeas relief

Inasmuch as, it creates a significant risk of increased punishment and clearly is a flagrant

Abuse of authority pursuant to the National Capital Revitalization Act of 1997, the Sen-

tencing Reform Act of 2000, for D.C. Code offenders sentence to a term of supervise re-

lease by a judge of the D.C. Superior Ct.

More importantly, when a term of supervise release is revoked by the sentencing court

which imposed the original initial sentence, a new term of imprisonment is governed by

the same statute that governed at the initial term of imprisonment; insofar as, defendant is

only required to serve 85% of the imposed sentence when that sentence exceeds (1) year

and a day. Also, the defendant is entitled to petition the Sentencing Court pursuant to the

rule 35(b) for modification and reconsideration of the sentence imposed. The United

States Parole Commission have made no attempted to provide this information to super-

vise release violators nor documented this right within the regulations provided to the

violator as well as the public. Clearly, this is unconstitutional and violative of due process

of law and the separation of powers doctrine under the U.S. Constitution, nor make any

reference to the determinate sentencing laws governing revocation of supervise release

when the sentence exceeds one year and a day.

8

Finally, the U.S. Parole Commission made a finding of a technical violation of supervise release based upon a report submitted to CSO, Sonya Atkinson, from staff of program regarding suspicion of noncompliance of rules and regulations of program. However, no one affiliated with program appeared at the Jamuary 29, 2007, hearing to corroborate any versions of the report which was merely hearsay and should not have been considerd insofar as, its reliability was never determined prior to hearing, and reliance upon a report of its nature, violates petitioner's (5)th Amendment Due Process, Equal Protection and (6)th Amendment right to confront and cross examine adverse witnesses. Emphasis Added.

> "According to Morrissey v. Brewer, 408 U.S. 471, 33 L.Ed 2d 484 92 S.Ct. 2593, a parole revocation hearing includes certain due process rights. At a minimum, these rights include: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross examine adverse witnesses (unless the hearing examiner specifically find good cause for not allowing confrontation; (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) written statements by the fact finders as to the evidence relied upon and reasons for revoking parole."

There is nothing in the hearing examiners recommendation to support a departure from Petitioner's confrontation right to cross examine adverse witnesses nor in the United States Parole Commission's statement of reasons for its concurrence which clearly violates petitioner's due process to confrontation of adverse witnesses. More importantly the United States Parole Commission is in violation of its own regulations pursuant to C.F.R. 28 section 2.19-06 states as follows:

> " Assessing the Reliability of Information. The normal indicants of reliability are (a) the report is specific as to the behavior alleged to

9

> have taken place. (b) the allegation is corroborated by establish fact; and (c) the source of the allegations appears credible. The violator is to be given opportunity to respond to the allegation. An allegation that is vague, unsupported, or comes from an unreliable source should not be consider."

The report the commission relied upon to make its finding of a violation is clearly an arbitrary and capricious abuse of authority and discretion regarding technical violation charge #3-Violation of Special Condition (Drug Aftercare). See copy of Notice of Action attached hereto as a part hereof.

The hearing examiner's recommendation outside of the guideline for revocation of Petitioner's supervise release base upon the Commission's guideline range for revocation of parole is also an arbitrary and capricious decision on the part of the Commission inasmuch as, 28 C.F.R. regulations 2.20-06 supports upward departure for those extreme poor risk cases such as a previous extensive convictions of serious offenses which does not apply to the petitioner in the context indicated in the regulations which govern the poor risk category. Moreover, the Parole Commission's explanation for the upward departure is lacking in specificity required under the clinical observation guideline reference.

Finally, the U.S. is clearly in violation of the laws of the District of Columbia pursuant to D.C. Code 24-133(c)(2)-(B), and its own regulations pursuant to Subpart D. section 2.200 (2) of C.F.R. and the Accordi Doctrine. Emphasis Added.

> "An extension of a term of supervise release pursuant to U.S.C. Title 18 subsection 3583(e)(2), may only be orderd by the Superior Court upon motion from the U.S. Parole Commission."

10

The language within the statute and the C.F.R. regulations, are identical, clear and Unambiguous and prohibits extension of a termof supervise release by the United States Parole Commission, who continue to disregard and violate the laws which delegated it the responsibility to supervise offenders under supervise release pursuant to U.S.C. Title 18 3583(e)-(i) and specify the rights of the offenders pertaining to revocation which are denied to the offender by the U.S. Parole Commission as a result of its flagrant, arbitrary, and arrogant abuse of authority towards D.C. Code Offenders under a term of supervise release inasmuch as, the United States Parole Commission has never petitioned the D.C. Superior Court for an Order to extend the term of Supervise Release upon revocation of Supervise release.

WHEREFORE, petitioner respectfully petitions this Honorable Court to make issuance of the Writ Of Habeas Corpus to make right, the wrong and injustice being imposed upon him and many others by the U. S. Parole Commission retroactive application of its re-parole guidelines for revocation of supervise release and its flagrant abuse of authority and disregard of the laws, mandates imposed by the courts, and statute and rights afforded by United States Constitution Bill Of Civil Rights by directing the United States Parole Commission to rescind revocation of petitioner's supervise release based upon its reparole revocation guidelines for parole and apply revocation guidelines for supervise release pursuant to United States Sentencing Commissions guidelines and policy statements, under 28 U.S.C. subsection 994(a)(3), Chapter 7 Part B that, governs the revocation of supervise release by sentencing judges of the District Court.

Respectfully Submitted,

David L. Washington, Pro Se
DCDC# 183-212
FED.REG.# 01982-000
Central Treatment Facility
1901 E St. S.E.
Washington D.C. 2000